UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00342-MOC

| | | |
|---|---|---|
| **EDWARD JUNIOR PATTERSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's "Petition for Reconsideration under Motion to Amend § 2255 for Additional Grounds" (#12).

Earlier, this court considered and denied petitioner's Motion to Amend (#7) and his Motion to Vacate (#1). In the Motion to Amend, petitioner sought to amend his petition to add a third contention that his conviction was void because his plea was taken by a United States Magistrate Judge. In the Motion to Vacate, petitioner alleged prosecutorial misconduct and ineffective assistance of counsel, contending that the reverse "stash house" sting on which his conviction was based amounted to "outrageous government conduct."

In denying relief on the Motion to Amend, the court determined that the proposed amendment was futile as Fourth Circuit law was clear that a United States Magistrate Judge could take a felony guilty plea and that petitioner's reliance on a recent Seventh Circuit decision was, therefore, misplaced. Order (#8). As to the Motion to Vacate, the court determined that because there was no outrageous conduct and that there was, therefore, no prosecutorial misconduct and no ineffective assistance of counsel for failure to raise what would have been a

-1-

meritless motion before defendant pled. Order (#10). The court granted petitioner a certificate of appealability on the dismissed claims inasmuch as jurists in the Ninth Circuit had reached a different result, albeit on different facts.

Reading petitioner's instant motion liberally,[1] it appears that he first seeks reconsideration of the Order denying the Motion to Vacate by arguing that his conviction was void *ab initio* because the government could not have proved an interstate nexus "because this case rel[ies] on a 'fake stash-house' robbery with a non-existent "ghost dope" used to fabricate a crime…." Motion (#12) at 2. Petitioner's argument is without merit.

Courts that have considered such issue have consistently held that reverse stings involving robbery of an imagined stash house of equally imagined cocaine satisfies the interstate nexus requirement of the *Hobbs Act*. United States v. Holland, 503 Fed.Appx. 737, 743(11th Cir. Jan. 8, 2013) (finding that "[t]his case involved the planned robbery of a cocaine stash house, inherently satisfying the requirement of an interstate nexus."). The Court of Appeals for the Eleventh Circuit earlier explained, as follows:

> The issue of first impression in this Circuit is whether the *Hobbs Act* jurisdictional requirement is met when the cocaine and cocaine traffickers are fictitious.
> Only the Ninth Circuit Court of Appeals has squarely addressed this jurisdictional challenge to a *Hobbs Act* conspiracy conviction. United States v. Rodriguez, 360 F.3d 949, 955–57 (9th Cir.2004). In Rodriguez, the defendant argued there was no effect on interstate commerce because "neither the narcotics nor the narcotics traffickers actually existed." Id. at 957. The Rodriguez Court rejected this argument concluding that "the non-existent status of the target drug traffickers is inapposite. Impossibility is not a defense to the conspiracy charge." Id. at 957. The Court affirmed the Hobbs Act conviction based on the conspiracy to rob fictitious drug traffickers.

---

1   If the court were to *narrowly* read petitioner's motion, it is evident that he never raised a claim in his petition that his conviction should be set aside based on a failure of proof of an interstate nexus. *See* Motion to Vacate (#1). The court has, in an abundance of caution, considered such claim as having been previously asserted for purposes of judicial economy.

Similarly, this Court has affirmed *Hobbs Act* convictions resulting from law enforcement sting operations where the object of the charged crime was fictitious. In United States v. Eaves, an FBI agent created a fictitious development project and offered a bribe to a County Commissioner in exchange for his favorable vote to rezone the project site. 877 F.2d 943, 946 (11th Cir.1989). The appellant argued there was no impact on interstate commerce because "every aspect of the ... project was a pretense." Id. at 946. This Court rejected the argument, concluding the FBI's role and the fabrication of the project did not destroy the interstate nexus for a *Hobbs Act* conviction. Id.; see also United States v. Holmes, 767 F.2d 820, 824 (11th Cir.1985) ("The fact that the FBI undercover agent represented a fictitious business entity is not a defense to an extortion charge.").

In this case, Taylor conspired to violently rob the stash house of a narcotics organization. The fact that the intended victims and narcotics were fictional is irrelevant. Accordingly, we hold the interstate nexus was sufficient to sustain Taylor's *Hobbs Act* conspiracy conviction.

United States v. Taylor, 480 F.3d 1025, 1027 (11th Cir.), cert. denied, 552 U.S. 855 (2007); see also Robinson v. United States, 2013 WL 5570952 (E.D.N.C. Oct. 8. 2013) (finding "[t]hat the drug dealer petitioner conspired to rob was a fictitious individual is irrelevant to the interstate commerce inquiry."). Thus, petitioner's first argument for reconsideration is without legal merit.

Second, petitioner disagrees with this court's denial of his Motion to Amend. Order (#8). In that Order, the court denied petitioner's request to add as a third contention that his conviction should be vacated because his plea was improperly taken by a United States Magistrate Judge, who lacked statutory authority to take felony guilty pleas, based on a recent decision of the Seventh Circuit in United States v. Harden, 758 F.3d 886 (7th Cir. 2014). This court found that because a magistrate judge may take a felony guilty plea under binding Fourth Circuit law, United States v. Benton, 523 F.3d 424, 431–32 (4th Cir. 2008), his proposed amendment based on Seventh Circuit law was futile.

Petitioner now contends that this court should not have relied on Benton, but should have considered Rivera v. Illinois, 556 U.S. 148, 161 (2009). While the Seventh Circuit cited Rivera for the proposition that automatic reversal results when a tribunal lacks statutory authority to act, see Harden, 758 F.3d at 890, the Supreme Court in Rivera did not in any manner hold that a United States Magistrate Judge lacks statutory authority to take a felony guilty plea. Rivera involved a Section 2554 challenge to a state-court conviction and Harden cited Rivera for the well-settled proposition that acts of a court that lacks jurisdiction are a nullity. There is no Supreme Court decision holding that a magistrate judge lacks authority to take a felony guilty plea. Simply put, this court's actions are guided and prescribed by the decisions of the Fourth Circuit and the Supreme Court. The decision in Harden, while certainly a well-reasoned opinion of thoughtful jurists, is neither binding on this court nor persuasive as Fourth Circuit precedent found in Benton is inapposite to Harden, which this court is legally bound to follow.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's "Petition for Reconsideration under Motion to Amend § 2255 for Additional Grounds" (#12), is **DEEMED** to be a Motion to Reconsider the Order (#10) and Judgment (#11) dismissing his Section 2255 petition and the Order (#8) denying his Motion to Amend, and is **GRANTED**, and after careful reconsideration, such decisions and judgment are **REAFFIRMED** for the reasons stated in those decisions and for the additional reasons herein discussed.

Signed: December 1, 2014

Max O. Cogburn Jr.
United States District Judge